UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LOIS HATFIELD,

        Plaintiff,

v.

ENCOMPASS INSURANCE
COMPANY,

        Defendant.
_____/

Case No. 5:05-CV-179

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Plaintiff Lois Hatfield's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  Upon review of the briefing, the Court discerns no reason for oral argument.  W.D. MICH. LCIVR 7.2(d)

      Plaintiff has brought a first party claim against Defendant Encompass Insurance Company for failure to pay insurance benefits in violation of the Michigan No-Fault Act, Michigan Complied Law § 500.3107(1)(a).  Plaintiff argues summary judgment is appropriate on the issue of medical causation.

      Under Rule 56, summary judgment is proper is the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions.  *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994).  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor.  *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).  The factual record

presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff argues Defendant's medical expert, Dr. William J. Boike, relied only upon an MRI report which indicated Plaintiff suffered a hemorrhage in the left thalamic region of her brain, and in his opinion Plaintiff's brain injury was not the result of the car accident. Plaintiff also asserts Dr. Boike's opinion was the sole reason Plaintiff's claims for benefits were denied. Plaintiff argues summary judgment is now appropriate because the author of the MRI report has since changed his opinion and believes there was no hemorrhage in that region of the brain, and therefore, there is no longer any genuine issue of material fact as to whether Plaintiff's cognitive defects are related to her car accident.

However, after a review of the record, taken in a light most favorable to Defendant, it is clear summary judgment must be denied due to a genuine issue of material fact. It is obvious from Dr. Boike's deposition testimony that in his medical opinion, Plaintiff's need for care is unrelated to the car accident was not based solely upon the MRI report. Dr. Boike testified he did not believe Plaintiff suffered a head injury in the crash (Dep. Boike at 17); he offered other explanations for Plaintiff's cognitive deficits (*Id*. at 21-22); and opined that a number of other "radiological findings over time that suggested that it was consistent with the fact that her intercranial vascular disease was more widespread than one thing that caused her thalamic stroke." (*Id*. at 24.) As Plaintiff so succinctly sets forth in her Motion,

> the single issue of fact in dispute involves the issue of medical causation. If Dr. Boike is correct that [Plaintiff's] brain injury and cognitive deficits are caused by thalamic hemorrhage which occurred prior to or simultaneous to the time of the motor vehicle accident, Plaintiff is not entitled to no-fault benefits. If, however, Dr. Cullis and Dr. Atty are correct that [Plaintiff's] brain injury and cognitive deficits are

the result of trauma sustained in the automobile accident, Defendant is responsible for the payment of Plaintiff's no-fault benefits including home care.

(Mot. at 10.) This is a question of disputed fact, and indeed a material one which would involve a credibility determination, and the weighing of the evidence; therefore, summary judgment is not appropriate.[1] *See Metiva*, 31 F.3d at 382.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Lois Hatfield's Motion for Summary Judgment (Dkt. No. 41) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>February 20, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[1] To the extent Defendant has argued Plaintiff's Motion for Summary Judgment is premature, the Court declines to address this argument as it finds Plaintiff's Motions fails to show she is entitled to judgment as a matter of law.